# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON VILLANUEVA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAS SERVICES SAN DIEGO, INC, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-cv-1243-BAS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 36)** |

　　　　Presently before the Court is Plaintiff Allison Villanueva's motion for final approval of the class action settlement entered into between Plaintiff and all others similarly situated and Defendants SAS Services San Diego, Inc., G2 Secure Staff LLC, and G2 Secure Staff LP. (ECF No. 36.) Defendants do not oppose the motion and no member of the settlement class has filed an objection. This suit is brought pursuant to the Private Attorneys General Act ("PAGA"), and the Attorney General for the State of California has not objected to the proposed settlement. The Court held a final approval hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) on July 8, 2024. For the reasons below and those stated during the final approval hearing, the Court **GRANTS** Plaintiff's motion. (ECF No. 36.)

## I. BACKGROUND

On April 18, 2023, following submission of written notice of Defendants' alleged California Labor Code violations to the California Labor & Workforce Development Agency, Villanueva filed a class action complaint in the Superior Court of the State of California. She alleged wage and hour violations of the California Labor Code. Upon not receiving a response from the California Labor & Workforce Development Agency, Villanueva filed an amended complaint asserting a claim under PAGA. Defendants removed this action to federal court. Following negotiations and discovery, the parties reached a settlement agreement.

On March 4, 2024, the Court held oral arguments on a motion for preliminary approval of the class and the PAGA settlement. (ECF No. 30.) The Court found the requirements for certification of the class under Federal Rule of Civil Procedure 23 were likely to be met and that Villanueva was an adequate class representative for the purposes of settlement. The Court preliminarily found the settlement agreement to be fair and reasonable and identified two remaining issues for the parties to review: (1) the appropriate attorneys' fees award and (2) the proposed service award to Villanueva for serving as class representative. (*Id.*)

On July 8, 2024, following briefing by the Parties, the Court held a final approval hearing for the proposed class certification and proposed settlement agreement. (ECF No. 39.) No objections to the settlement agreement were made prior to the hearing and no objections to the settlement agreement were made at the hearing.

## II. ORDER AND JUDGMENT

Having reviewed the settlement agreement, the Parties' motions and supporting declarations, and the arguments of counsel, the Court hereby **GRANTS** Plaintiff's motion (ECF No. 36) and makes the following findings and rulings:

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

2. The Court hereby certifies a "Class" or "Settlement Class" defined as follows: "All individuals who were employed by SAS services at the San Diego International Airport in San Diego, California, as a nonexempt employee at any time during the Settlement Period." The "Settlement Period" is defined as the period from April 18, 2019, through August 22, 2022.

3. The Court hereby appoints Plaintiff Allison Villanueva as Class Representative.

4. The Court hereby appoints the attorneys of Consumer & Employment Law Group as Class Counsel.

5. The Court hereby appoints Atticus Administration LLC as the Settlement Administrator.

6. The Court finds that the notice of class action settlement, as approved by the Court, along with the notification procedure, constitutes the best notice practicable under the circumstances and is in full compliance with federal and California law and, to the extent applicable, the United States Constitution and the requirements of due process. The Court further finds that distribution of the notice in the manner set forth in the settlement agreement meets the requirements of Rule 23(e) of the Federal Rule of Civil Procedure, the United States Constitution, and the requirements of due process. In addition, the Court finds that the notice fully and accurately informs Settlement Class members of all material elements of the proposed settlement, of their right to be excluded from the Class and from the settlement, and of their right and opportunity to object to the settlement.

7. The Court finds notice was given in accordance with 28 U.S.C. § 1715.

8. The Court hereby grants final approval of the terms and conditions contained in the settlement agreement. The Court finds that the terms of the settlement are fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable case law. The Court also finds the PAGA settlement reached in this action is fair, reasonable, and appropriate considering the facts and circumstances.

9. The Court finds that the settlement was the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties. In making this finding, the Court considered the nature of the claims and the risks inherent in such claims, the monetary benefit available to the Settlement Class members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the settlement was entered into in good faith.

10. The Court hereby orders the parties effectuate the terms of the settlement.

11. The Court finds the service award of $10,000 awarded to Plaintiff for her service as class representative is fair and reasonable considering her significant participation in discovery efforts related to the case, her attendance at multiple case conferences and hearings, and the reputational risk associated with being class representative. Accordingly, the Settlement Administrator shall issue, out of the gross settlement amount, the service award in the amount of $10,000 to Plaintiff Allison Villanueva. This service award is to be awarded in addition to her individual settlement payment.

12. The Court finds the class counsel fees to be reasonable considering the number of hours spent working on this matter, the complexity of the issues and discovery, and the risks associated with taking this matter. Accordingly, the Settlement Administrator shall issue, out of the gross settlement amount, class counsel fees in the amount of $66,666.66 to Class Counsel.

13. The Court finds the class counsel litigation costs to be reasonable. Accordingly, the Settlement Administrator shall issue, out of the gross settlement amount, class counsel costs in the amount of $4,924.53 to Class Counsel.

14. The Court finds the administrative costs reasonable. Accordingly, the Settlement Administrator shall issue, out of the gross settlement amount, settlement administration costs in the amount of $8,200 to the Settlement Administrator.

15. The Court finds the allocation of civil penalties under PAGA to be fair and reasonable given the total settlement award to the class and the lack of objection by

the State of California. Accordingly, the Settlement Administrator shall issue, out of the gross settlement amount, the PAGA payment in the amount of $3,750 to the California Labor & Workforce Development Agency.

16. Within ten (10) business days of the entry of this order, Defendants shall deposit the gross settlement amount of $200,000.00 with the settlement administrator.

17. Within ten (10) business days of receipt of the gross settlement amount, the settlement administrator shall issue the following payments:

    a. To settlement class members, their respective settlement payments and PAGA employee payments as applicable;
    b. To the California Labor & Workforce Development Agency, the Court awarded PAGA payment;
    c. To Plaintiff Allison Villanueva, the Court awarded service award;
    d. To the settlement administrator, the Court awarded administration costs; and
    e. To class counsel, the Court awarded class counsel fees award and class counsel cost award.

    Any unclaimed funds are to be distributed in accordance with the settlement agreement.

18. The Court hereby enters final judgment in this action in accordance with the terms and conditions of the settlement agreement, the preliminary approval order, and the final approval order.

19. Without affecting the finality of this order and judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the Parties for purposes of supervising, administering, implementing, enforcing, and interpreting the agreement, and the claims process established therein.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: July 11, 2024**

Hon. Cynthia Bashant
United States District Judge